IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

CHRISTOPHER SCOTT                                                                                PETITIONER
Reg #13610-047

V.                              CASE NO. 2:18-cv-00052 JTK-JM

GENE BEASLEY, *Warden*,
Federal Correctional Complex-Forrest City                                        RESPONDENT

## **PROPOSED FINDINGS AND RECOMMENDATIONS**

## **INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge James M. Moody, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

    2.    Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

    3.    The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

This matter is before the undersigned United States Magistrate Judge on the petition of federal prisoner Christopher Scott for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Docket Entry #2) For the reasons that follow, the undersigned recommends that the petition be summarily dismissed without prejudice for lack of jurisdiction.

<u>Procedural History</u>

Scott's federal sentence derives from a 1992 conviction out of the United States District Court for the District of Nebraska where he was found guilty of conspiring to possess with the

intent to distribute cocaine, engaging in a continuing criminal enterprise, and money laundering; he received a life sentence. (DE #1, Petition; DE #10-1, Exhibit 1) The Eighth Circuit Court of Appeals affirmed his convictions and sentence on July 11, 1994. *United States v. Johnson*, 28 F.3d 1487 (8th Cir. 1994). The United States Supreme Court denied the petition for writ of certiorari on January 9, 1995. *Johnson v. United States*, 513 U.S. 1098 (1995).

On April 23, 1997, Scott filed a 2255 motion in the sentencing court; the motion was denied on January 20, 1998. Thereafter, on March 26, 1998, the court declined to issue a certificate of appealability, and on February 10, 1999, the Eighth Circuit granted the defendant a certificate of appealability limited to certain issues. It ultimately affirmed the judgment of the sentencing court denying post-conviction relief, concluding that the United States Supreme Court Case, *Richardson v. United States*, 526 U.S. 813 (1999)[1], had no effect on the outcome of Scott's case because, even assuming trial counsel should have requested a specific unanimity instruction to support the continuing criminal enterprise count, Scott had not established prejudice. *United States v. Scott*, 218 F.3d 835 (8th Cir. 2000). The United States Supreme Court denied the petition for writ of certiorari on November 13, 2000. *Butler v. United States*, 531 U.S. 1000 (2000).

Petitioner was later transferred to a federal prison in Oklahoma. While there, he filed a 2241 petition in the United States District Court for the Western District of Oklahoma. *See Scott*

---

[1] In *Richardson*, the United States Supreme Court held that, to support a continuing criminal enterprise conviction, a jury must agree unanimously not only that the defendant committed a series of related drug violations but also which particular violations constituted the series. 526 U.S. at 816, 824.

*v. Scibana*, Case No. 5:06-cv-01010-F. The United States Magistrate Judge recommended that the petition be dismissed without prejudice for lack of jurisdiction. The United States District Judge adopted that recommendation. *Scott v. Scibana*, 2006 WL 3490967 (W.D. Okla. 2006).

More than twelve years after his first 2255 motion, on February 25, 2013, Scott filed in the sentencing court a motion to amend, seeking "leave to amend and file a supplemental pleading on his prior 28 U.S.C. 2255 petition." The court treated the motion as one to file a second or successive 2255 motion, which was denied. *United States v. Scott*, 2013 WL 868256 (D. Neb. 2013), reconsideration denied, 2013 WL 1387020. Scott appealed the denial to the Eighth Circuit which denied the request for an application for a certificate of appealability and dismissed the appeal. On December 30, 2013, Scott filed with the sentencing court another 2255 motion. The court issued an order denying the motion because Scott had not obtained authorization from the Eighth Circuit to file a second or successive motion. The sentencing court denied him a certificate of appealability, along with the Eighth Circuit, who dismissed his appeal.

On May 14, 2015, Petitioner filed a motion "to correct a clerical error in a Judgment Order, or other part of the record," pursuant to Federal Rule of Criminal Procedure 36. The court determined Scott was attempting to circumvent the requirements of the Antiterrorism and Effective Death Penalty Act after having exhausted all of his direct appeals and having unsuccessfully pursued post-conviction relief on numerous occasions and on multiple grounds. It ruled that it lacked jurisdiction over the motion. *United States v. Scott*, 2015 WL 5793348 (D. Neb. 2015). The Eighth Circuit affirmed the lower court on February 24, 2016.

Discussion

In the present petition, Scott argues he is actually innocent of the continuing criminal enterprise violation under 21 U.S.C. § 848(b) because his acts never reached the statute's threshold. Scott relies on *Richardson* to support his assertion, claiming that his 2255 was decided prior to the ruling in that case. However, this argument has already been addressed by the Court even though Scott represents that *Richardson* has never been considered. As noted above, the Eighth Circuit Court of Appeals determined that, even if Scott met the threshold requirements of *Richardson*, his claim would still fail because he had not shown prejudice.

The scope of a petition like the instant one is clear—a federal prisoner seeking to collaterally attack his conviction or sentence ordinarily must file a motion to vacate in the trial court under § 2255 and not a habeas petition in the district of incarceration under § 2241. *See Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004); *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003). Federal courts lack jurisdiction over § 2241 petitions challenging the validity of a federal conviction or sentence unless the prisoner can affirmatively demonstrate that the remedy provided by §2255 is "inadequate or ineffective" to test the legality of his detention. *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986). This exception is sometimes called the "savings clause," *see Abdullah*, 392 F.3d 959, because, when it applies, it can save a habeas petition from being dismissed under § 2255(e)'s exclusive remedy rule. Importantly, it is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective. *United States v. Lurie*, 207 F.3d 1075, 1078 (8th Cir. 2000).

This petition is simply Scott's attempt to undertake yet another collateral attack of his

sentence, and the United States District Court for the Eastern District of Arkansas lacks jurisdiction over the petition. The Eighth Circuit has expressly confirmed that § 2255 will not be viewed as inadequate or ineffective "merely because § 2255 relief has already been denied, or because petitioner has been denied permission to file a second or successive § 2255 motion, or because a second or successive § 2255 motion has been dismissed[.]" *Lurie*, 207 F.3d at 1077 (internal citations omitted); *see also Hill*, 349 F.3d at 1091 (concluding that "in order to establish a remedy is 'inadequate or ineffective' under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition"). Therefore, the undersigned finds that this Court still does not have jurisdiction to consider Petitioner's claim in this § 2241 habeas action.

## Conclusion

For the foregoing reasons, the Court concludes that relief via the petition for writ of habeas corpus pursuant to § 2241 is not available to Petitioner. *See Hill*, 349 F.3d at 1091 (determining that a district court lacks jurisdiction to consider an unauthorized Section 2241 petition for writ of habeas corpus). Accordingly, this 28 U.S.C. § 2241 petition for writ of habeas corpus, Docket Entry #2, should be denied and summarily dismissed without prejudice for lack of jurisdiction.

SO ORDERED this 27th day of August, 2018.

_____
UNITED STATES MAGISTRATE JUDGE